IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015

## QUANTEL TAYLOR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Crockett County
No. 3706     Clayburn Peeples, Judge**

_____

**No. W2015-00640-CCA-R3-PC  -  Filed May 31, 2016**

_____

Petitioner, Quantel Taylor, appeals from the denial of his petition for post-conviction relief following remand from the Tennessee Supreme Court. *See Taylor v. State*, 443 S.W.3d 80 (Tenn. 2014). In his post-conviction petition, Petitioner alleged, in part, that his trial counsel was ineffective for failing to interview his three co-defendants. Petitioner subpoenaed the co-defendants to testify at the post-conviction hearing. The post-conviction court granted the State's motion to quash subpoenas for the co-defendants, who were incarcerated. A panel of this court concluded that the post-conviction court erred, but held that the error was harmless under the circumstances. *Quantel Taylor v. State*, No. W2012-00760-CCA-R3-PC, 2013 WL 6228151 (Tenn. Crim. App., Nashville, April 29, 2013). Our supreme court reversed the decision of this court, holding that the post-conviction court committed prejudicial error by granting the State's motion to quash because the post-conviction court applied an incorrect legal standard. *Taylor*, 443 S.W.3d at 86. The court remanded the case for reconsideration of the motion to quash under the proper standard. On remand, the post-conviction court denied the State's motion to quash, and all three co-defendants were subpoenaed for an evidentiary hearing. Two of Petitioner's co-defendants, Allen and Bricco, refused to take the stand. The third co-defendant, Spivey, took the stand and refused to testify. The post-conviction court denied post-conviction relief. Petitioner appealed. We conclude that he has failed to establish that he is entitled to post-conviction relief. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Justin P. Jones, Brownsville, Tennessee, for the Appellant, Quantel Taylor.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel, Garry G. Brown, District Attorney General; and Hillary Lawler Parham, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

*Procedural history*

On October 6, 2009, Petitioner entered best interest guilty pleas to charges of attempted first degree murder, second degree murder, and especially aggravated robbery. Two of Petitioner's three co-defendants, Eugene Spivey and Chad Bricco, entered guilty pleas, and the third, Jeffery Allen, was convicted at trial. The facts underlying Petitioner's convictions were summarized in the supreme court's opinion. *See Taylor*, 443 S.W.3d at 82. At Petitioner's guilty plea hearing, the State asserted that the evidence would show that on the night of January 21, 2003, Petitioner, accompanied by Eugene Spivey and Jeffery Allen, attempted to rob brothers John and Louis Neely (collectively, the "victims") at their residence in Crockett County, but that the victims managed to fend them off. The State alleged that Petitioner, Spivey, Allen, and a fourth man, Chad Bricco, returned to the victims' house the following night. The State alleged that Petitioner either acted as a lookout or stood outside the residence with a shotgun while Spivey and Allen broke into the victims' house, killed John Neely, and severely injured Louis Neely. At the plea hearing, Petitioner claimed that he stayed in the car during the attempted robbery on the first night and that he did not participate in any way on the second night. The trial court sentenced Petitioner to twenty years on each count, to be served concurrently at 100 percent.

Petitioner subsequently timely filed a post-conviction petition, contending that his co-defendants would have exonerated him and that counsel had been ineffective for not interviewing the co-defendants prior to Petitioner entering his plea. Petitioner asserted that based on counsel's ineffective assistance, his pleas were not knowing and voluntary. Petitioner sought to subpoena the three co-defendants to testify at the post-conviction hearing. The State filed a motion to quash the subpoenas, arguing that it would be "unreasonable and oppressive" to arrange for Petitioner's three co-defendants to be transported to the post-conviction hearing. The Tennessee Supreme Court summarized what transpired next:

> When the petitioner subpoenaed his three co-defendants to testify at the post-conviction hearing, the State filed a motion to quash because the co-defendants were all incarcerated. The post-conviction court granted the State's motion. The Court of Criminal Appeals ruled that the post-conviction court had erred, but held that the error was harmless under the

2

circumstances. We hold that the post-conviction court committed prejudicial error by applying an incorrect legal standard and by failing to consider whether the proposed testimony by the co-defendants was material to the petitioner's claim of ineffective assistance of counsel. Because the record is insufficient for the issue to be resolved on appeal, we remand for the post-conviction court to reconsider the motion to quash under the proper standard.

*Taylor*, 443 S.W.3d at 81.

Our supreme court held that the post-conviction court erred by basing its ruling on the "great burden" imposed by compliance with the subpoenas. *Id.* at 85. The court noted that "the appropriate standard for determining a motion to quash in this context focuses on the materiality and admissibility of the proposed testimony, as well as the competence of the proposed witness." *Id.* The court found that the post-conviction court failed to consider whether the proposed testimony was material to Petitioner's claim of ineffective assistance of counsel, and "[t]he ruling of the post-conviction court prevented an effective offer of proof." The court stated,

The Petitioner attempted to make an offer of proof in the only manner available, asserting that his co-defendants would provide generally exculpatory testimony; however, because of the limited nature of the offer of proof, the record is simply inadequate for us to assess any deficiency in the performance of counsel or prejudice in the result.

*Id.*

The court recognized that "additional considerations come into play when a post-conviction petitioner seeks to subpoena a represented co-defendant[,]" because "our Rule of Professional Conduct prohibited Petitioner's trial counsel from communicating with his co-defendants about the case absent the consent of their attorneys or authorization by law or a court order." *Id.* at 86 (citing Sup. Ct. R. 8, RPC 4.2). The court explained,

[i]f counsel for the co-defendants denied consent or would have denied consent for an interview, then the co-defendants' testimony as to what they would have said had they been interviewed must be deemed immaterial. Conversely, if the Petitioner demonstrates that counsel for the co-defendants consented or would have consented to an interview, then the Petitioner will not be precluded from establishing the materiality of the proposed testimony.

3

*Id.* The supreme court remanded the case for the post-conviction court to consider the State's motion to quash under the proper standard.

On remand, the post-conviction court denied the State's motion to quash and entered orders that Petitioner's three co-defendants be transported to testify at an evidentiary hearing. All three co-defendants asserted their Fifth Amendment rights against self-incrimination and refused to testify at Petitioner's evidentiary hearing. The court entered an order denying post-conviction relief. In its written order denying relief, the post-conviction court concluded that Petitioner failed to establish that trial counsel was deficient "in the investigation of the facts or calling a known witness[,]" and the court adopted its findings from its previous order denying post-conviction relief.

### Post-conviction hearing

At the evidentiary hearing on remand, Petitioner's post-conviction counsel called Petitioner's three co-defendants to testify. Allen and Bricco refused to testify. Counsel for Petitioner attempted to call Allen to the stand, and the following exchange occurred:

> THE COURT: I'm going to let him testify if you want him to, but I don't see how his testimony at this point could be relevant under the timeframe that existed.
>
> [Prosecutor]: I agree with the Court, Your Honor, and Mr. Allen has been transported. He's been served with a subpoena and it appears from the officers from the Department of Correction that Mr. Allen is refusing to testify.
>
> THE COURT: Is he refusing to take the stand?
>
> OFFICER: Yes, sir.
>
> THE COURT: All right. Let the record note that. I can't make him do that.
>
> [Petitioner's counsel]: Let the record reflect that he's not willing to testify – Mr. Allen.
>
> THE COURT: All right.
>
> [Petitioner's counsel]: All right. We'll call Chad Bricco.

4

OFFICER: He don't [sic] want to testify either, Judge.

THE COURT: What did he say?

[Petitioner's counsel]: Judge, let the record reflect that Mr. Bricco is refusing to take the stand and testify, too.

THE COURT: All right.

Eugene Spivey was called to testify, and unlike the other two co-defendants, Spivey actually took the witness stand. He stated that he had filed a motion to reopen his case that was denied, and he anticipated appealing the trial court's decision. He testified that he did not want to give any testimony that might incriminate him. Counsel for Petitioner asked Spivey if he would be willing to testify in Petitioner's case after the conclusion of his appeal, and Spivey answered, "I dread it, you know." The post-conviction court advised Spivey: "Here's what it amounts to. If you testify today, anything that you say could possibly be used against you if you ever get a new trial. For that reason, a lawyer might tell you not to testify today. Do you understand that?" Spivey answered, "I'm gonna exercise my right because I've got something going." The post-conviction court denied Petitioner's counsel's request to stay the proceedings pending the outcome of Spivey's appeal. Counsel for Petitioner made an offer of proof to the court as to what Petitioner believed Spivey's testimony would be:

> I think he would have said that [Petitioner]'s involvement was minimal or none; that he never got out of the vehicle; that he had no knowledge of what was happening that night; that he never had a gun; that he never possessed a gun and was just along for the ride.

Petitioner's trial counsel testified that she attempted to interview Jeffrey Allen prior to Petitioner's guilty plea hearing, and Allen's attorney informed her that Allen would not speak to her. Trial counsel attended Allen's criminal trial and subsequently obtained a transcript of the trial proceedings. Trial counsel testified that she did not attempt to interview Spivey. She testified that Petitioner and all three of his co-defendants made statements to law enforcement, and she obtained copies of their statements. She testified that Spivey gave two statements, and his statements were inconsistent with each other. She testified that "none of [the information in Spivey's statements] seemed to help [Petitioner]." Trial counsel attended Spivey's guilty plea hearing and subsequently obtained a transcript of the hearing. She testified that Spivey stated at the time of his guilty pleas that Petitioner obtained a gun before the offenses and approached the victims' house with Allen. Trial counsel testified that in her assessment, Spivey "was not going to be a witness who anyone would be able to [ ] believe[ ]; that he

5

was not credible at all." She testified that she probably would have interviewed Spivey after he entered his guilty pleas, "if [she] had not heard the tone of voice and how angry he was whenever he entered his guilty plea and putting blame on other people." She testified that based on Spivey's statements to police and his testimony at his guilty plea hearing, Spivey's testimony would not have benefitted Petitioner's defense at trial.

Trial counsel testified that she did not attempt to speak to Chad Bricco because his charges were still pending at the time of Petitioner's guilty pleas, and Bricco was represented by counsel. Trial counsel testified that Bricco testified at Allen's trial. Trial counsel testified that, based on Bricco's statements to police and his testimony at Allen's trial, she did not believe that Bricco's testimony would have benefitted Petitioner's defense.

Trial counsel testified that Petitioner and his three co-defendants each stated that Petitioner was present during the commission of the offenses. Trial counsel testified that based on her investigation of Petitioner's case, she did not believe any of Petitioner's co-defendants would have given testimony that would be helpful to Petitioner's defense. She testified that Petitioner's statement to police contradicted what Petitioner believed Spivey's testimony would have been. In Petitioner's statement, "[he] sa[id] they discussed robbing somebody, maybe a bootlegger, so it's real hard for someone to say he had no knowledge of what was going on when he admitted in his own statement that he knew where they were going and what they were discussing doing[.]" Trial counsel testified that, according to Petitioner, Spivey "was going to testify that [Petitioner] never got out of the car."

*Analysis*

Petitioner contends that his guilty pleas were unknowingly and involuntarily entered and that his trial counsel provided ineffective assistance. Specifically, Petitioner argues that trial counsel was deficient in her investigation of the facts and by failing to call known witnesses and that Petitioner was prejudiced by counsel's deficiencies. Petitioner also contends that the post-conviction court should have compelled his co-defendants to testify, despite their assertion of their Fifth Amendment rights. The State responds that Petitioner failed to establish that counsel for the co-defendants would have granted consent for an interview during the time period preceding Petitioner's plea hearing; therefore, the State argues, Petitioner has not established that their testimony was material.

In a post-conviction proceeding, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293–94 (Tenn. 2009). On appeal, we are bound by

6

the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. *Id.* Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id.* at 457.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." *Id.* at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter*, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 370 (quoting *Strickland*, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, the petitioner must show that, but for counsel's errors, he would not have entered his guilty plea and would have proceeded to trial. *Serrano v. State*, 133 S.W.3d 599, 605 (Tenn. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

Additionally, we note that in determining the voluntariness of a guilty plea, a trial court must advise the defendant of the consequences of a guilty plea and determine whether the defendant understands those consequences to ensure the plea is a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *see also Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The trial court must address the defendant personally in open court, inform the defendant of the consequences of the guilty plea, and determine whether the defendant understands those consequences. *See State v. Mackey*, 553 S.W.2d 337, 341 (Tenn. 1977),

7

*superseded on other grounds by rule as stated in State v. Wilson*, 31 S.W.3d 189, 193 (Tenn. 2000); Tenn. R. Crim. P. 11(c). In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

At the conclusion of the post-conviction hearing after remand, the post-conviction court held as follows:

> I think, certainly, I had already made a determination that [trial counsel]'s conduct was completely consistent with what it should have been for a defense attorney. She has, I think, completely adequately explained why she didn't call [the co-defendants]. Taking Mr. Spivey's purported testimony as you presented it, she still convincingly explained why she wouldn't have called him even had she had that information. She couldn't talk to Bricco and she couldn't talk to Allen. The only one she could possibly have talked to would have been Spivey and she adequately explained, I think, why she didn't do that.

In its written order entered following the hearing on remand, the post-conviction court made the following findings and conclusions:

> 1. That the State's Motion to quash the subpoena[ ]s of Chad Bricco, Eugene Spivey and Jeffery Allen is denied;
> 2. That the State shall transport said witnesses for an evidentiary hearing;
> 3. That at an evidentiary hearing in this matter[,] Chad Bricco refused to testify claiming his privilege against self[-]incrimination;
> 4. That at an evidentiary hearing in this matter[,] Jeffery Allen refused to testify claiming his privilege against self[-]incrimination;
> 5. That at an evidentiary hearing in this matter[,] Eugene Spivey refused to testify claiming his privilege against self[-]incrimination;

8

6.  That [ ] trial counsel testified that she attempted to speak with Jeffery Allen and [was] denied access to him by his trial counsel;

7.  That [trial counsel] sat through the trial of Jeffery Allen and listened to the testimony of Chad Bricco in that trial;

8.  That [trial counsel] had obtained copies of all statements that Chad Bricco, Eugene Spivey, and Jeffery Allen had given to law enforcement;

9.  That [trial counsel] was present for and listened to the plea allocution of Eugene Spivey;

10.  That [trial counsel] did not have access to Chad Bricco to speak with him prior to the plea in this matter because he was currently represented with pending charges;

11.  That [Petitioner] did not show that [trial] counsel was deficient in the investigation of the facts or calling a known witness;

12.  That this Court adopts all findings in the Order of October 27, 2011; and

13.  Therefore, the Petition for Post[-]Conviction Relief is denied.

### Co-defendants Allen and Bricco

Petitioner argues that the post-conviction court erred by not compelling the testimony of Allen and Bricco at the post-conviction hearing. However, Petitioner made no request or argument to the post-conviction court to compel either witness to testify. A party who fails to take reasonably available steps to mitigate the harmful effect of an error, however, is not entitled to use the error to obtain relief on appeal. *See* Tenn. R. App. P. 36(a). Both co-defendants were subpoenaed, transported, and available to testify. Petitioner argues on appeal that the post-conviction court abused its discretion by not compelling them to testify, but Petitioner did not request that they take the stand to assert their Fifth Amendment right, or make the argument he now makes on appeal.

We further conclude that Petitioner has failed to establish prejudice with respect to these witnesses. "When a post-conviction petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses at the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* Accordingly, even a petitioner who establishes that trial counsel's performance was deficient for failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could

have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id*. at 758.

Furthermore, trial counsel testified that she was denied an interview with Allen by his trial counsel. Under our supreme court's opinion in this case, that causes Allen's testimony to be immaterial. *Taylor*, 443 S.W.3d at 86. Trial counsel testified that she did not attempt to interview Bricco, but that he had pending charges at the time Petitioner entered his pleas, and he was represented by counsel. Because Allen and Bricco were both available to testify at Petitioner's post-conviction hearing, and counsel for Petitioner conceded their refusal to testify and did not request that the post-conviction court compel them to take the stand, Petitioner has failed to establish that he was prejudiced by his trial counsel's alleged deficiencies.

*Co-defendant Spivey*

With regard to co-defendant Spivey, we conclude that the evidence does not preponderate against the post-conviction court's finding that trial counsel was not deficient for failing to interview or call him as a witness. At the post-conviction hearing, the post-conviction court accepted Petitioner's counsel's offer of proof as to Spivey's testimony. The court considered the proffered testimony and accredited trial counsel's testimony that she made an informed and strategic decision not to call Spivey. The court determined that trial counsel adequately investigated the facts of the case.

Trial counsel testified that she did not attempt to interview Spivey. She testified that she obtained copies of his statements to police, which were inconsistent with each other and inconsistent with what Petitioner alleges Spivey would have testified to had he been called as a witness. Trial counsel assessed, based on Spivey's statements to police and his testimony at his guilty plea hearing, whether his testimony would benefit Petitioner's defense. She determined that Spivey was not a credible witness, nor would his testimony benefit Petitioner's defense. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006). Petitioner has not shown that trial counsel's performance was deficient. Petitioner is not entitled to relief.

CONCLUSION

Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

10