# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 9, 2014 Session

## QUANTEL TAYLOR v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Crockett County**
**No. 3706B       Clayburn Peeples, Judge**

---

**No. W2012-00760-SC-R11-PC - Filed August 21, 2014**

---

The petitioner pled guilty to charges of attempted first degree murder, second degree murder, and especially aggravated robbery. Later, he filed a petition for post-conviction relief, claiming that his trial counsel was ineffective and that his guilty pleas were not knowingly and voluntarily made. When the petitioner subpoenaed his three co-defendants to testify at the post-conviction hearing, the State filed a motion to quash because the co-defendants were all incarcerated. The post-conviction court granted the State's motion. The Court of Criminal Appeals ruled that the post-conviction court had erred, but held that the error was harmless under the circumstances. We hold that the post-conviction court committed prejudicial error by applying an incorrect legal standard and by failing to consider whether the proposed testimony by the co-defendants was material to the petitioner's claim of ineffective assistance of counsel. Because the record is insufficient for the issue to be resolved on appeal, we remand for the post-conviction court to reconsider the motion to quash under the proper standard. The judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the post-conviction court for additional proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Case Remanded to the Circuit Court for Crockett County**

GARY R. WADE, C.J., delivered the opinion of the Court, in which JANICE M. HOLDER, CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Marty B. McAfee and Gregory D. Allen (on appeal), Memphis, Tennessee; and S. Jasper Taylor IV (at trial and on appeal), Bells, Tennessee, for the appellant, Quantel Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Jeffrey D. Zentner, Assistant Attorney General; Garry G. Brown, District Attorney General;

and Hillary Lawler Parham, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I. Facts and Procedural History

On October 6, 2009, Quantel Taylor (the "Petitioner") entered best interest guilty pleas to charges of attempted first degree murder, second degree murder, and especially aggravated robbery. At the plea submission hearing, the State asserted that its evidence would show that on the night of January 21, 2003, the Petitioner, accompanied by Eugene Spivey and Jeffery Allen,[1] attempted to rob brothers John and Louis Neely (collectively, the "victims") at their residence in Crockett County, but that the victims managed to fend them off. The State alleged that the Petitioner, Spivey, Allen, and a fourth individual, Chad Bricco, returned the next night. The State further alleged that the Petitioner either acted as a lookout or stood outside the residence with a shotgun while Spivey and Allen broke into the victims' residence, killed John Neely, and severely injured Louis Neely.

In response, the Petitioner claimed that he had stayed in the car during the attempted robbery on the first night and that he did not participate in any way on the second night. Although the Petitioner expressed disagreement with the factual summary submitted by the State, he acknowledged at the submission hearing that it was in his best interest to plead guilty. The trial court accepted the pleas and sentenced the Petitioner to twenty years on each count, to be served concurrently at 100%.[2]

On February 2, 2010, the Petitioner filed a petition for post-conviction relief, which was amended following the appointment of counsel. He claimed that he was denied the effective assistance of counsel because his trial counsel had failed to interview his co-defendants during the course of her investigation. He also claimed that his best interest guilty pleas were neither knowingly nor voluntarily entered because his trial counsel had provided false information regarding the length of sentence he would receive if he pled guilty.

The Petitioner filed a "Subpoena List" in which he requested that the post-conviction court issue subpoenas for his co-defendants—Spivey, Allen, and Bricco—to testify at the

---

[1] Like the Court of Criminal Appeals, we use the spelling of Allen's first name as indicated in his own petition for post-conviction relief. See Allen v. State, No. W2011-01666-CCA-R3-PC, 2012 WL 4021128, at *1 n.1 (Tenn. Crim. App. Sept. 13, 2012).

[2] See North Carolina v. Alford, 400 U.S. 25, 38 (1970) (permitting the acceptance of best interest guilty pleas).

post-conviction hearing; each, however, was incarcerated at the time.[3] The State filed a motion to quash the subpoenas, arguing that it would be "unreasonable and oppressive" to arrange for the co-defendants to be transported to the hearing.

The post-conviction court held a hearing on the motion to quash. When asked by the court what testimony the co-defendants would offer, counsel for the Petitioner stated that they would "testify [that the Petitioner] was not involved in the burglary or the murder." After concluding that compliance with the subpoenas would impose a "great burden" and that the testimony of the Petitioner's co-defendants was "irrelevant" to his claim that his guilty pleas were not knowingly and voluntarily entered, the court granted the motion to quash. When counsel for the Petitioner asked to make an offer of proof by having the Petitioner testify as to what information his co-defendants might provide, the court initially refused to allow the Petitioner to do so but suggested that the Petitioner could make his offer later at the post-conviction hearing.

The Petitioner testified at the post-conviction hearing that if his trial counsel had interviewed his co-defendants, they would have stated that he did not participate in the crimes that occurred on January 21 and 22, 2003. Further, the Petitioner claimed that his trial counsel had coerced him into pleading guilty by misinforming him that he would be eligible for parole in nine years if he pled guilty, whereas he could get a life sentence or the death penalty if he insisted on going to trial.

The Petitioner's trial counsel testified that she had worked as an Assistant Public Defender for more than twenty years and that she "spent more time on [the Petitioner's] case than any that [she] ever had before." In addition, she indicated that she "made numerous efforts to talk with [Jeffery] Allen" but was informed by Allen's lawyer that he would not speak with her. During her testimony, however, the Petitioner's trial counsel did not mention any attempt to interview the Petitioner's other co-defendants, Spivey and Bricco. She did express an awareness of a statement by Spivey indicating that the Petitioner had provided a shotgun which was used in the robbery. She further testified that the evidence against the Petitioner was strong, particularly the Petitioner's statement that he and his co-defendants had discussed committing a robbery prior to the attempt to rob the victims on January 21, 2003. Trial counsel denied coercing the Petitioner into pleading guilty and contended that she had provided accurate information as to the length of his incarceration and the risks

---

[3] The record reflects that the Petitioner and his co-defendants were serving sentences for convictions related to the same incident. Allen received an effective sentence of life with the possibility of parole plus twenty years after a jury convicted him of felony murder, facilitation of attempted first degree murder, attempted especially aggravated robbery, and criminally negligent homicide. Spivey and Bricco both pled guilty to second degree murder and received respective sentences of forty and twenty years.

associated with going to trial. Trial counsel noted that the Petitioner had steadfastly maintained his innocence and that she was surprised when he informed her on the day before his scheduled trial that he had decided to plead guilty.

At the conclusion of the post-conviction hearing, the court found that the Petitioner's trial counsel had "exceeded the requirements for adequate representation" and had properly informed the Petitioner of the consequences of his guilty plea. After determining that "nothing whatsoever in th[e] record . . . indicate[d] that [the] plea was coerced," the court denied post-conviction relief.

The Court of Criminal Appeals held that the post-conviction court committed a "flagrant" error by granting the State's motion to quash and by precluding the Petitioner from making an offer of proof as to his co-defendants' testimony. Taylor v. State, No. W2012-00760-CCA-R3-PC, 2013 WL 6228151, at *1, *4 (Tenn. Crim. App. Apr. 29, 2013). Nonetheless, the Court of Criminal Appeals determined that the error was harmless because of the Petitioner's failure "to establish that but for counsel's alleged deficiencies he would not have pleaded guilty and would have insisted on going to trial." Id. at *6. We granted review to determine whether the post-conviction court's refusal to allow the Petitioner to present witnesses in support of his claims warrants reversal.

## II. Standard of Review

The standard of review for a ruling on a motion to quash is whether the trial court committed an abuse of discretion. State v. Mangrum, 403 S.W.3d 152, 166 (Tenn. 2013) (citing State v. Hester, 324 S.W.3d 1, 53 (Tenn. 2010)). A trial court may abuse its discretion by applying an incorrect legal standard, reaching an illogical or unreasonable decision, or basing its decision on a clearly erroneous assessment of the evidence. Id. (citing Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 524 (Tenn. 2010)).

## III. Analysis

The Petitioner contends that the post-conviction court committed reversible error by granting the State's motion to quash and by refusing to allow an offer of proof as to his co-defendants' testimony. The State submits that the motion to quash was properly granted because the post-conviction court "believed that it was being presented with irrelevant evidence." The State further argues that the post-conviction court properly allowed the Petitioner to make the offer of proof he had requested, and that any error committed was harmless.

A post-conviction petitioner is entitled to subpoena witnesses to testify in support of his or her claims. Tenn. Sup. Ct. R. 28, § 8(C)(3) ("Each party [in a post-conviction action] shall have the right to subpoena witnesses for appearance at the evidentiary hearing.").

However, a court has the authority "to prevent abuse of its process by abating subpoenas for witnesses whose testimony would be immaterial." State v. Womack, 591 S.W.2d 437, 443 (Tenn. Ct. App. 1979); see also State v. Ostein, 293 S.W.3d 519, 536 (Tenn. 2009) (holding that a defendant's right to subpoena witnesses "applies only when the proposed witness is material"). Moreover, a court properly quashes a subpoena where the proposed witness is not competent or where the expected testimony will not be admissible. Bacon v. State, 385 S.W.2d 107, 109 (Tenn. 1964); State v. Smith, 639 S.W.2d 677, 680 (Tenn. Crim. App. 1982).

Generally, when an evidentiary ruling results in the exclusion of evidence, courts must allow an offer of proof. State v. Torres, 82 S.W.3d 236, 251 (Tenn. 2002); see also Tenn. R. Evid. 103(a)(2) (providing that error may not be predicated upon a ruling which excludes evidence unless "a substantial right of the party is affected" and "the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context"). "An offer of proof serves two primary purposes: (1) informing the trial court about the proof the party is seeking to offer; and (2) creating a record so that an appellate court can review the trial court's decision." Torres, 82 S.W.3d at 251 (citing Alley v. State, 882 S.W.2d 810, 815 (Tenn. Crim. App. 1994)). A trial court commits error by refusing a request to make an offer of proof unless "it is obvious from the record that the proffered evidence could, under no circumstances, be relevant to the issues." Alley, 882 S.W.2d at 815.

In this instance, the post-conviction court granted the motion to quash based upon its determinations that compliance with the subpoenas would impose a "great burden" and that the testimony of the Petitioner's co-defendants was not relevant to his claim that his guilty pleas were not knowingly and voluntarily entered. The Court of Criminal Appeals concluded that this ruling was in error because the post-conviction court "overlooked [the] Petitioner's allegation that his trial counsel was ineffective for failing to properly investigate and interview [his co-defendants] before trial." Taylor, 2013 WL 6228151, at *2.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove that counsel's performance was deficient and that the deficient performance had a prejudicial effect. Strickland v. Washington, 466 U.S. 668, 686 (1984); Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011). In order to establish prejudice in the context of a guilty plea, a petitioner must show by a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "[I]t is axiomatic that '[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing.'" Cauthern v. State, 145 S.W.3d

571, 616 (Tenn. Crim. App. 2004) (second alteration in original) (quoting Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990)).

By granting the State's motion to quash, the post-conviction court erred in two respects. First, the court based its ruling in part on the "great burden" imposed by compliance with the subpoenas. This constituted application of an incorrect legal standard; as noted, the appropriate standard for determining a motion to quash in this context focuses on the materiality and admissibility of the proposed testimony, as well as the competence of the proposed witness. Second, by finding the proposed testimony immaterial as to the Petitioner's claim that his guilty pleas were unknowingly and involuntarily entered, the post-conviction court failed to account for the fact that the testimony was potentially material to the Petitioner's claim of ineffective assistance of counsel. Our Court of Criminal Appeals has observed that, "[a]s a general rule, . . . the only way [a] petitioner can establish" that trial counsel improperly failed to interview a witness is by calling the witness to testify at the post-conviction hearing. Black, 794 S.W.2d at 757; see also Ferris v. State, No. W2011-00746-CCA-R3-PC, 2012 WL 5456096, at *17 (Tenn. Crim. App. Nov. 7, 2012) ("[A] claim of ineffective assistance of counsel arising from the failure to call a witness must be supported by testimony from the witness at the post-conviction hearing."); Cauthern, 145 S.W.3d at 616 (rejecting a claim that trial counsel failed to interview a witness where the petitioner did not present the testimony of the witness in question). Thus, neither of the reasons given by the post-conviction court provides an adequate basis for granting the State's motion to quash.

Further, the state of this record does not permit us to consider the trial court's error as harmless. See Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."); State v. Rodriguez, 254 S.W.3d 361, 371 (Tenn. 2008). The ruling of the post-conviction court prevented an effective offer of proof. The Petitioner attempted to make an offer of proof in the only manner available, asserting that his co-defendants would provide generally exculpatory testimony; however, because of the limited nature of the offer of proof, the record is simply inadequate for us to assess any deficiency in the performance of counsel or prejudice in the result.[4]

---

[4] We note that the appellate decisions in the cases involving the Petitioner's co-defendants indicate that each of the co-defendants made a sworn statement implicating the Petitioner in the events of January 22, 2003. See Spivey v. State, No. W2012-01417-CCA-R3-PC, 2013 WL 2152146, at *1 (Tenn. Crim. App. May 17, 2013) (summarizing Spivey's testimony at his plea submission hearing in which he implicated the Petitioner); Allen v. State, 2012 WL 4021128, at *3-4 (summarizing Bricco's testimony at Allen's trial in which Bricco implicated the Petitioner); State v. Allen, No. W2008-01348-CCA-R3-CD, 2009 WL 2502000, at *12 (Tenn. Crim. App. Aug. 17, 2009) (summarizing Allen's testimony at his own trial in which he

(continued...)

Finally, we observe that additional considerations come into play when a post-conviction petitioner seeks to subpoena a represented co-defendant. Here, it appears that each of the Petitioner's co-defendants was represented by counsel during the relevant time frame. As a result, our Rules of Professional Conduct prohibited the Petitioner's trial counsel from communicating with his co-defendants about the case absent the consent of their attorneys or authorization by law or a court order. See Tenn. Sup. Ct. R. 8, RPC 4.2.[5] If counsel for the co-defendants denied consent or would have denied consent for an interview, then the co-defendants' testimony as to what they would have said had they been interviewed must be deemed immaterial. Conversely, if the Petitioner demonstrates that counsel for the co-defendants consented or would have consented to an interview, then the Petitioner will not be precluded from establishing the materiality of the proposed testimony. In light of these considerations, we conclude that the appropriate course of action is to remand for the post-conviction court to reconsider the motion to quash under the proper standard.[6]

## IV. Conclusion

The post-conviction court erred when it quashed the Petitioner's subpoenas by applying an incorrect legal standard and by overlooking the relationship between the proffered testimony and the Petitioner's claim of ineffective assistance of counsel. The case is remanded to the post-conviction court for further proceedings consistent with this opinion.

---

[4](...continued)
implicated the Petitioner). While neither the State nor the post-conviction court referenced these prior statements during the proceedings in this case, the post-conviction judge was presumably familiar with the statements by virtue of having presided over the proceedings involving each of the Petitioner's co-defendants. We recognize that these statements may cast doubt upon any testimony by the co-defendants suggesting that they would have told the Petitioner's trial counsel that he was not involved in the crimes. Nonetheless, because our scope of review precludes us from speculating as to the content and credibility of any testimony the Petitioner's co-defendants may give, we cannot conclude that the prior statements by the Petitioner's co-defendants provide a basis for ruling that the post-conviction court's error was harmless. See Whitaker v. Whitaker, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1997) ("The weight, faith, and credit to be given the witnesses' testimony lies in the first instance with the trier of fact . . . .").

[5] This prohibition applies irrespective of whether the represented party initiates or consents to the communication. See Tenn. Sup. Ct. R. 8, RPC 4.2 cmt. 3.

[6] We acknowledge that trial counsel for the Petitioner testified that she attempted to interview one of the co-defendants, Allen, but was refused access to him by his attorney. On remand, the post-conviction court may consider this testimony by trial counsel along with any additional information from Allen's attorney in determining whether to quash the subpoena for Allen.

Costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
GARY R. WADE, CHIEF JUSTICE