IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 29, 2017 Session

**BILLY BUTLER, ET AL. v. MALVIN CARVIN PITTS, JR., ET AL.**

**Appeal from the Chancery Court for Haywood County**
**No. 2014-CH-46     George R. Ellis, Chancellor**
_____

**No. W2016-01674-COA-R3-CV**
_____

This is the second appeal of this easement case.  Appellants, the servient land owners, appeal the trial court's award of a monetary judgment in favor of Appellees, the owners of the dominant estate.  On remand, the parties agreed to have the trial court determine the precise location of the easement, but the trial court refused to hear the issue, and also refused to allow Appellants to make an offer of proof.  We vacate the damage award due to the trial court's failure to make sufficient findings.  We also conclude that the trial court erred by refusing to determine the location of the easement.   Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

James S. Haywood, Jr., Brownsville, Tennessee, and Christopher N. Davis, Alamo, Tennessee, for the appellants, Malvin Carvin Pitts, Jr., Malvin Carvin Pitts, III, and Marcia Lee Pitts.

Pat H. Mann and Joshua B. Shearon, Brownsville, Tennessee, for the appellees, Stephen Leath and Billy Butler.

**OPINION**

**I.     Factual and Procedural History**

This is the second appeal of this case.  Members of the James family, parties in the

previous appeal, owned several tracts of farmland in rural Haywood County. ***Butler v. Pitts***, No. W2015-01124-COA-R3-CV, 2016 WL 561078, at *1 (Tenn. Ct. App. Feb. 12, 2016) ("***Butler I***"). The Appellees, in the current appeal, are members of a group of hunters who leased a portion of the James' land for hunting purposes. In 2004, the hunters purchased the land they had been leasing from the James family. In addition to conveying forty-three acres to the hunters, the James family granted the hunters a thirty-foot easement for ingress and egress over an adjacent tract of land they owned. This easement was recorded on March 1, 2004, in the office of the Haywood County Register of Deeds; it provides:

> For good and valuable consideration, receipt of which, is hereby acknowledged, we, William James and Ewell James do hereby grant unto Billy Butler, Stephen Leath, Kenneth McBride and Cecil Clint Dixon a thirty (30) foot easement for ingress and egress to a 43-acre tract known in the property assessor's office of Haywood County, Tennessee as Map 20, Parcel 38 over and across presently existing roadway as shown in a yellow ink on the map attached hereto.

In 2013, approximately nine years after the easement was recorded, Malvin Carvin Pitts, Jr., Marcia Lee Pitts, and Malvin Carvin Pitts, III, (together, "Appellants") purchased, from the James family, the property that was subject to the hunters' easement. Prior to their purchase, Appellants had leased and actively farmed the same land for a number of years. Appellants hired a closing attorney to perform a title examination and to draft the deed. Although, as noted above, the hunters' easement was recorded, Appellants' closing attorney did not reference the recorded easement in the warranty deed conveying the land to Appellants. Appellants' deed, recorded on January 29, 2014, contains the following language:

> We covenant with the said Malvin Carvin Pitts, Jr., Marcia Lee Pitts and Malvin Carvin Pitts, III, that we are lawfully seized and possessed of said real estate; that we have a good and lawful right to sell and convey the same; that the same is unencumbered; and that we will forever warrant and defend the title thereto against the lawful claims of all persons whomsoever.

Some months after their purchase, Appellants made substantive changes to the existing easement, blocking the hunters' ingress and egress to their property. Consequently, on July 8, 2014, the hunters filed a complaint against the Appellants, alleging that the Appellants "intentionally removed the culvert at the end of the easement where it adjoined the county road, plowed up the road and planted soybeans on the roadway easement." The hunters further alleged that Appellants' actions had denied them use of the easement. The hunters asked the trial court to order the Appellants to re-open the easement and to restore it to its original condition. Additionally, they asked for

damages, both compensatory and punitive, attorneys' fees, and court costs. In their answer, Appellants admitted that the hunters were unable to access their land, but denied the existence of such easement across their property.

On September 10, 2014, Appellants filed a third-party complaint against the James family, alleging that they had breached the warranty deed issued to the Appellants at the time of purchase. Appellants sought to recover any loss of property and all sums, if any, that might be adjudged against them in the hunters' lawsuit. On January 29, 2015, the James family filed an answer to the third-party complaint, wherein they denied any breach of the warranty deed. The James family asserted that there was a valid easement, which was properly recorded in Deed Book 263, Page 384, in the Register's Office of Haywood County, Tennessee and contained not only express language, but also a geographical depiction of the easement. Appellants argued that the easement was ineffective because the description of the easement was too vague. Appellants further asserted they had no actual knowledge of the easement. The trial court, relying on the recorded easement, found that there was no genuine issue as to any material fact and granted summary judgment in favor of the James family. The trial court's ruling on the motion for summary judgment on the third-party complaint was affirmed in ***Butler I.***

After ***Butler I*** was remanded, the trial court held a damages hearing on the original complaint. The parties agreed that, in addition to determining damages, the trial court should determine the exact location of the easement. The trial court, relying on what it perceived to be the directive from this Court, refused to hear any evidence regarding the location of the easement and further refused Appellants' offer of proof on this issue. The trial court's order consists of one paragraph, which states:

> [Appellees] are awarded a judgment against the [Appellants] in the amount of $9,296.00 which includes $3,226.00 for damage to trees testified to by Barrow Taylor who observed the trees on May 20, 2016 and has worked for the Tennessee Department of Forestry for 36 years; $2,070.00 for loss of land rent for the 13.8 tillable acres and $4,000.00 for the loss of hunting on the farm based on the testimony of John Butler and the costs of this cause for which execution may issue.

Appellants appeal.

## II.    Issues

Appellants present the following issues on appeal as stated in their brief:

- 3 -

1. Whether [  ] the yellow line drawn upon a tax map filed as being the description for the easement, is a valid and proper description according to the law.

2. Whether [  ] the Chancellor should have taken up the issue presented by both parties as to where the alleged easement was located.

3. Whether [  ] the damages assessed by the Chancellor against the Appellants were appropriate.

### III.    Analysis

In this appeal, Appellants question whether the yellow line drawn on the tax map, for the subject property, coupled with a description of the easement, is legally valid. This Court's previous ruling in *Butler I* constitutes the law of the case regarding the validity of the easement. The Tennessee Supreme Court has described the "law of the case" doctrine as follows:

An appellate court's final decision in a case establishes the "law of the case" when a case is remanded for further proceedings. This "law of the case" is binding on the trial court during the remanded proceedings and is also binding on the appellate courts should a second appeal be taken after the trial court enters a judgment in response to the remand order.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.,* 975 S.W.2d 303, 306 (Tenn. 1998). The "law of the case" doctrine is neither a constitutional mandate nor an inflexible limit on the adjudicatory power of the courts. Instead, it is "a longstanding discretionary rule of judicial practice," *Memphis Publ'g Co.* 975 S.W.2d at 306, reflecting the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction need not be revisited. *In re Estate of Boote,* 256 S.W.3d 402, 413 (Tenn. Ct. App. 2007); *Ladd ex rel. Ladd v. Honda Motor Co.,* 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996). Thus, except in certain limited situations, the trial court cannot revisit an issue decided in a prior appeal in the same case. *State ex rel. Dep't of Transp. v. Thomas*, No. W2013-02082-COA-R3-CV, 2014 WL 6992126, at *6 (Tenn. Ct. App. Dec. 11, 2014) (citing *Memphis Publ'g Co.,* 975 S.W.2d at 306).

In *Butler I*, we held that "the granting language in the easement specifically references the county, map, and parcel of the dominant estate, and attaches a highlighted map as an additional description of the location of the easement." Consequently, Appellants' argument that the easement is void for uncertainty is without merit. *Butler I*, 2016 WL 561078, at *5. The validity of the easement has been previously established as the law of the case; therefore, we need not address the issue further here.

- 4 -

Concerning the location of the easement, Appellants argue that the trial court erred in declining to allow proof and in failing to determine the precise location of the easement. Appellees agree with Appellants, arguing that it is necessary for the trial court to determine the precise location of the easement because Appellants "have virtually obliterated any evidence of the roadway over which the easement was originally granted." From the record, attorneys for both parties attempted to introduce evidence and testimony as to the location of the easement, but the trial court refused to hear the proof. In response to the parties' request to put on proof, the trial court stated:

> [N]obody prayed for a dispute as to what is the easement, and we're just finishing up this case. If there's a new issue, there's a new issue. Apparently it sounds like there is, but that issue didn't go to the Court of Appeals.
>
> ***
>
> Well, I think we've got to limit it today to damages.
>
> ***
>
> I want to do what I think the Court of Appeals has ordered me to do, and I don't think I can do anymore even though I'm persuaded that as a practical matter – but I think I'm limited on what this Court can do from a mandate from the Court of Appeals.
>
> ***

| | |
|---|---|
| Trial Court: | So I think we're on damages. |
| Counsel for Appellees: | You want to hear damages today? |
| Trial Court: | Yes |
| Counsel for Appellants: | Your Honor, could we do an offer of proof then as far as – |
| Trial Court: | No. I am not going to defy what I see as a directive from the Court of Appeals. I really don't think I can do that. So this has come back with the issue of dam --- if there are damages, what are the damages? |

In **Butler I**, the only issues before this Court pertained to the grant of summary judgment, in favor of the James family, as third-party defendants. This Court simply remanded the

case to the trial court "for such further proceedings *as may be necessary* and are consistent with this opinion." **Butler I**, 2016 WL 561078, at \*7 (emphasis added). Although we concluded that the easement was valid, we did not determine its precise location. Nothing in our **Butler I** holding precludes the trial court from hearing evidence regarding the location of the easement.

Rule 15.02 of the Tennessee Rules of Civil Procedure states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tenn. R. Civ. P. 15.02. Rule 15.02 seeks to place substance over form. **Zack Cheek Builders, Inc. v. McLeod**, 597 S.W.2d 888, 890 (Tenn. 1980). Rule 15.02 allows trial of an unpled issue by express or implied consent of an adverse party followed by amendment of the pleadings to encompass the issue. Tenn. R. Civ. P. 15.02; **Zack Cheek Builders**, 597 S.W.2d 890. A party's proof nevertheless remains confined to the pleadings unless the adverse party impliedly or expressly consents to consideration of the unpled issue at trial. **Randolph v. Meduri**, 416 S.W.3d 378, 384-85 (Tenn. Ct. App. 2011) (citing **Hiller v. Hailey**, 915 S.W.2d 800, 804-05 (Tenn. Ct. App. 1995)). Here, the parties were in agreement about the need to determine the precise location of the easement. Under Tennessee Rule of Civil Procedure 15.02, the trial court should have treated the issue concerning determination of the easement's location "as if [it] had been raised in the pleadings." Tenn. R. Civ. P. 15.02.

In addition to refusing to address the location issue, the trial court also denied Appellants' offer of proof on this question. Generally, when an evidentiary ruling results in the exclusion of evidence, courts must allow an offer of proof. **Taylor v. State**, 443 S.W.3d 80, 84 (Tenn. 2014) (citing **State v. Torres**, 82 S.W.3d 236, 251 (Tenn. 2002)); *see also* Tenn. R. Evid. 103(a)(2) (providing that error may not be predicated upon a ruling which excludes evidence unless "a substantial right of the party is affected" and "the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context"). "An offer of proof serves two primary purposes: (1) informing the trial court about the proof the party is seeking to offer; and (2) creating a record so that an appellate court can review the trial court's decision." **Alley v. State**, 882 S.W.2d 810, 815 (Tenn. Crim. App. 1994)). A trial court commits error by refusing a request to make an offer of proof unless "it is obvious from the record that the proffered evidence could, under no circumstances, be relevant to the issues." **Taylor v. State**, 443 S.W.3d 80, 84 (Tenn. 2014)(quoting **Alley**, 882 S.W.2d at 815). Here, an offer of proof was appropriate and helpful for appellate review.

Regarding the damages awarded, we observe that the trial court's order is only one paragraph long. It contains neither a statement of facts, nor conclusions of law, *see infra*. Tennessee Rule of Civil Procedure 52.01 provides, in relevant part:

In all actions tried upon the facts without a jury, the court shall find the

facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Tenn. R. Civ. P. 52.01. "No principle is better known than that which states that a Court speaks through its orders and decrees entered upon the minutes of the Court." **Palmer v. Palmer**, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). There is no bright-line test by which to assess the sufficiency of factual findings, but "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." **Lovlace v. Copley**, 418 S.W.3d 1, 35 (Tenn. 2013). This requirement is not a "mere technicality." **Roney v. Nordhaus**, No. M2014-02496-COA-R3-CV, 2015 WL 9594638, at *1 (Tenn. Ct. App. Dec. 30, 2015); **Hardin v. Hardin**, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). Findings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision. **Hardin**, 2012 WL 6727533, at *5; **In re K.H.,** No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). "Without such findings and conclusions, this Court is left to wonder on what basis the court reached its ultimate decision." **In re K.H.**, 2009 WL 1362314, at *8. Given the lack of findings and conclusions of law in the trial court's order, this Court has no basis on which to review the trial court's decision regarding damages. Accordingly, we vacate the judgment and remand for such further proceedings as may be necessary. Our holding in this matter does not preclude the trial court from allowing the parties to present additional proof on remand. On remand, the trial court should ensure that any subsequent orders comply with Tennessee Rule of Civil Procedure 52.01.

## IV.   Conclusion

For the foregoing reasons, we vacate the trial court's order. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are taxed to the Appellants, Malvin Carvin Pitts, Jr., Malvin Carvin Pitts, III, Marcia Lee Pitts, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE