FILED
Dec 10, 2018
8:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Joseph L. Peppers | ) Docket No. 2016-08-0769 |
| | ) |
| v. | ) State File No. 86391-2014 |
| | ) |
| ThyssenKrupp Elevator Corp., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Certified as Final—Filed December 10, 2018

---

This appeal stems from the trial court's refusal to allow the employee's attorney to make an offer of proof regarding the parties' efforts to settle the case, particularly as it pertains to the employer's subrogation lien against the employee's settlement with a third-party tortfeasor. The employee was injured in a work-related motor vehicle accident for which the employer provided workers' compensation benefits. The employee settled his personal injury claim, and his attorney disbursed the funds without satisfying the employer's lien. The employee's attorney asserted that the parties had orally agreed the employer would waive its lien if the employee waived his right to permanent disability benefits. The trial court granted the employer's motion in limine to exclude evidence concerning the parties' settlement negotiations and, following a trial, the court found the parties had not entered into a binding settlement and awarded permanent disability benefits. The employee has appealed. We affirm the trial court's decision and certify the court's order as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

R. Sadler Bailey and S. Baker Yates, Memphis, Tennessee, for the employee-appellant, Joseph L. Peppers

Hailey H. David, Jackson, Tennessee, for the employer-appellee, ThyssenKrupp Elevator Corp.

## Factual and Procedural Background

Joseph Peppers ("Employee") was injured in an automobile accident arising out of and in the course and scope of his employment with ThyssenKrupp Elevator Corporation ("Employer") on October 15, 2014. Employer accepted the claim as compensable and provided workers' compensation benefits. Employee settled his personal injury claim against the third-party tortfeasor for $100,000, and his attorney disbursed the funds without satisfying Employer's lien under Tennessee Code Annotated section 50-6-112(c) (2018).[1]

Employer subsequently filed a petition asserting its statutory lien against Employee's settlement with the third-party tortfeasor and asked to be reimbursed for the benefits it paid on his workers' compensation claim. Among other things, the parties stipulated to the compensability of the claim, the amount of benefits paid by Employer, and the amount of Employee's recovery from the third-party tortfeasor. However, they were unable to agree on whether Employer had waived its right to recover the amount paid on the claim.

Prior to trial, Employee's attorney indicated that he intended to present evidence of an oral agreement reached by the parties, the terms of which included Employer's agreement to forego recovery on its subrogation lien in exchange for Employee waiving his right to permanent disability benefits. Employee claimed that when it came time to reduce the agreement to writing, Employer included a provision to which the parties had not agreed, namely, a waiver of future medical benefits. According to Employee, the parties reached an impasse because Employer "refused to prepare settlement documents that accurately reflected the terms of the settlement agreement reached [by the parties] and submit them for approval by a workers' compensation judge." Employee refused to sign the agreement, and it was never presented to a judge for approval.

For its part, Employer maintained that, although the parties had at one point discussed a settlement whereby Employer would waive payment of its lien if Employee waived permanent disability benefits, they also attempted to negotiate a closure of future medical benefits as part of the settlement. According to Employer, the parties could not agree, and no settlement was signed or submitted to a judge for approval.

Employer filed a motion in limine asserting that evidence of the parties' settlement negotiations was not admissible pursuant to Rule 408 of the Tennessee Rules of

---

[1] Tennessee Code Annotated section 50-6-112(c) provides that "[i]n the event of a recovery against the third person by the worker . . . and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery."

2

Evidence, which the trial court granted.[2]  Employer also filed a motion seeking to disqualify Employee's counsel, as he had represented Employee in his personal injury action and intended to testify regarding the settlement negotiations in Employee's workers' compensation case.[3]  Because the trial court granted Employer's motion to exclude that evidence, it denied the motion to prohibit Employee's counsel from representing him.

At trial, Employee's attorney attempted to introduce evidence of the parties' settlement negotiations notwithstanding the court's previous order granting Employer's motion in limine excluding such evidence.  The trial court denied Employee's attorney's request to testify about the parties' efforts to settle, and the attorney attempted to make an offer of proof, which was also denied.  Neither Employee nor Employer presented any witnesses or evidence regarding the workers' compensation benefits to which Employee was entitled other than that to which they had stipulated.

Following the trial, the court found Employee was entitled to permanent partial disability benefits based upon the stipulations of the parties, but concluded they had not entered into a binding settlement in which Employer waived its right to subrogation. With respect to the lien asserted by Employer, the court concluded it lacked the authority to determine whether Employer had a valid lien or the amount of the lien.  Rather, the court found, to the extent such a lien existed, Employer was entitled to a credit against its order of permanent partial disability benefits up to the amount of the lien.  Employer filed a post-trial motion asking the court to revisit its conclusion that it did not have jurisdiction to address issues concerning Employer's lien, but the court declined to alter its ruling.  Employee has appealed.[4]

**Standard of Review**

A trial court's decision regarding the admission or exclusion of evidence is entrusted to the court's discretion and will not be disturbed on appeal unless the court

---

[2] Rule 408 of the Tennessee Rules of Evidence states in pertinent part: "Evidence of (1) furnishing or offering to furnish or (2) accepting or offering to accept a valuable consideration in compromising or attempting to compromise a claim, whether in the present litigation or related litigation, which claim was disputed or was reasonably expected to be disputed as to either validity or amount, is not admissible to prove liability for or invalidity of a civil claim or its amount. . . . Evidence of conduct or statements made in compromise negotiations is likewise not admissible."

[3] Absent limited circumstances, an attorney may not act both as a fact witness and as an advocate.  Tenn. Sup. Ct. R. 8, RPC 3.7.

[4] Employer did not appeal the trial court's conclusion that it did not have jurisdiction to address the existence or amount of its lien pursuant to Tennessee Code Annotated section 50-6-112.  Likewise, Employer has not appealed the trial court's award of permanent disability benefits.  Thus, we do not address those issues.

abused its discretion. *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008). This standard prohibits an appellate court from substituting its judgment for that of the trial court, and the appellate court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). The abuse of discretion standard of review does not immunize a lower court's decision from meaningful appellate scrutiny, however, since discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

## Analysis

Employee raises two issues for our review: (1) whether the trial court erred in refusing to allow Employee's attorney to testify regarding a purported oral settlement agreement and related documents pursuant to Rule 408 of the Tennessee Rules of Evidence; and (2) whether the trial court erred in refusing to allow Employee to make an offer of proof as to the terms of the alleged settlement. Employer takes the position that the trial court did not err in either respect but, regardless, any error was harmless since no written settlement agreement was signed by the parties and submitted to and approved by a judge, which is required before such an agreement can become binding. We agree with Employer.

The workers' compensation law has long required that, before a settlement can become binding on the parties, it must be presented to and approved by a judge. Prior to July 1, 2014, Tennessee Code Annotated section 50-6-206 recognized that parties to a workers' compensation case may settle the claim but stated that "before the settlements are binding on either party, [they] shall be reduced to writing and shall be approved by the judge of the circuit court or chancery court of the county where the claim for compensation is entitled to be made." Tenn. Code Ann. § 50-6-206(a)(1) (2013). The judge was further tasked with reviewing the documents, calling witnesses if necessary, and examining the terms of the settlement to "determine whether the employee is receiving, substantially, the benefits provided by this chapter." *Id.*

Under the Workers' Compensation Reform Act of 2013, which became effective on July 1, 2014, the requirements for settling a claim remain largely unchanged. The pertinent statute provides that the "parties shall have the right to settle all matters of compensation between themselves, but *all* settlements shall be reduced to writing and *shall* be approved by a judge of the court of workers' compensation claims before they are binding on either party." Tenn. Code Ann. § 50-6-240(a) (2018) (emphasis added). Moreover, "[n]o party may settle a claim for permanent disability benefits unless the settlement agreement has been approved by a workers' compensation judge. Any settlement agreement not approved pursuant to this section is *void*." Tenn. Code Ann. §

4

50-6-240(f) (emphasis added). The regulations governing the Court of Workers' Compensation Claims also address this requirement, stating that "[i]n any case where the parties reach a full and final settlement, the settlement shall not become effective until it has been signed by both parties and approved by a workers' compensation judge." Tenn. Comp. R. & Regs. 0800-02-21-.19(1) (2018).

Here, there is no dispute that neither party signed settlement documents purporting to reflect an oral agreement nor that any such agreement was not presented to or approved by a workers' compensation judge as section 50-6-240 requires. Thus, by the clear and unambiguous terms of the governing statute and regulations, any agreement purportedly reached by the parties never became binding, and neither party was obligated to abide by the terms of the alleged agreement. In fact, any such agreement was void. Tenn. Code Ann. § 50-6-240(f).

In this context, we now consider Employee's contention that the trial court erred in refusing to allow his attorney to testify or make an offer of proof concerning why the parties were unable to complete the settlement process. The law is clear that a trial court should permit a party to make an offer of proof when it decides to exclude evidence. *Taylor v. State*, 443 S.W.3d 80, 84 (Tenn. 2014) ("Generally, when an evidentiary ruling results in the exclusion of evidence, courts must allow an offer of proof."); *State v. Torres*, 82 S.W.3d 236, 251 (Tenn. 2001) ("refusing to allow an offer of proof generally is considered error"). The reason for this rule is two-fold: an offer of proof serves to (1) inform the trial court about the proof the party is seeking to offer, and (2) creates a record so that an appellate court can review the trial court's decision. *Taylor*, 443 S.W.3d at 84.

Consistent with these purposes, the Tennessee Rules of Evidence make clear that "[e]rror may not be predicated upon a ruling which . . . excludes evidence unless . . . the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context." Tenn. R. Evid. 103(a)(2). Moreover, the erroneous exclusion of evidence "requires reversal only if the evidence would have affected the outcome of the trial had it been admitted," a determination a reviewing court cannot make without knowing what the excluded evidence would have been. *Thompson v. City of Lavergne*, No. M2003-02924-COA-R3-CV, 2005 Tenn. App. LEXIS 718, at *22-23 (Tenn. Ct. App. Nov. 16, 2005). Thus, a "party challenging the exclusion of evidence must make an offer of proof to enable the reviewing court to determine whether the trial court's exclusion of proffered evidence was reversible error." *Id.* at 23.

However, a litigant's ability to make an offer of proof is not without its limits, and a trial court's denial of a party's request to make an offer of proof is not erroneous in all instances. Specifically, a trial court is not required to allow a party to make an offer of proof when "it is obvious from the record that the proffered evidence could, under no circumstances, be relevant to the issues." *Taylor*, 443 S.W.3d at 84. Such is the case

here. Employee asserts that Employer attempted "to perpetrate a fraud by injecting an additional term [the closure of future medical benefits] into the parties' settlement agreement," which led to his refusal to sign the agreement. In our view, however, the reason or reasons why the parties were unable to successfully reduce their negotiations to writing, sign it, and submit it to a judge for approval, is immaterial to whether Employer waived its subrogation lien as Employee contends. There was simply no binding agreement over which to argue about such terms.

Even assuming the trial court erred in refusing to allow Employee's attorney to make an offer of proof by testifying about the parties' efforts to settle the case, any such error was harmless. There is no dispute that the parties' oral agreement, even assuming one existed, was not reduced to writing, was not executed by the parties, and was not presented to and approved by a judge as the law requires. Again, *why* the parties were unable to complete the settlement process to arrive at a binding agreement has little, if any, bearing on the fact there was no binding agreement pertaining to Employer's purported waiver of its lien. Thus, any such error by the trial court was harmless. *See Hensley v. CSX Transp., Inc.*, 310 S.W.3d 824, 830 (Tenn. 2009) ("Our harmless error rule . . . looks at whether or not the error 'more probably than not affected the judgment.'").

## Conclusion

For the foregoing reasons, we hold that the trial court did not abuse its discretion in refusing to permit Employee's attorney to testify or proffer evidence concerning the parties' efforts to settle their dispute or make an offer of proof as to what that evidence would be. Even if the trial court erred in this regard, any such error was harmless. Accordingly, the trial court's decision is affirmed and is certified as final.



| | | |
|---|---|---|
| Joseph L. Peppers | ) | Docket No. 2016-08-0769 |
| | ) | |
| v. | ) | State File No. 86391-2014 |
| | ) | |
| ThyssenKrupp Elevator Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of December, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Baker Yates | | | | | X | byates@baileygreer.com sbailey@baileygreer.com |
| Hailey David | | | | | X | davidh@waldrophall.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov