IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2025

**BRENDAN NATHAN MORGAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Decatur County**
**No. 23-CR-26     J. Brent Bradberry, Judge**
_____

**No. W2024-00208-CCA-R3-PC**
_____

A Decatur County jury convicted the Petitioner, Brendan Nathan Morgan, of aggravated sexual battery, and the trial court sentenced him to a term of ten years imprisonment. Thereafter, he filed a petition for post-conviction relief, asserting that he was denied the effective assistance of counsel at his trial. In relevant part, the Petitioner alleged that his trial counsel failed to conduct an adequate investigation, failed to adequately communicate with him, and failed to review the pretrial discovery with him before trial. After holding a hearing, the post-conviction court denied relief, and the Petitioner appealed. Upon our review, we respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and JILL BARTEE AYERS, JJ., joined.

Kendall Stivers Jones, Assistant Public Defender – Appellate Division, Tennessee District Public Defenders Conference (on appeal); Robert "Tas" Gardner, District Public Defender; and Billy R. Roe, Jr., Assistant District Public Defender (at hearing), for the appellant, Brendan Nathan Morgan.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; J. Neil Thompson, District Attorney General; and K. Michelle Morris, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

### A.    PETITIONER'S CONVICTION FOR AGGRAVATED SEXUAL BATTERY

Following a bench trial in May 2021, the Decatur County Circuit Court convicted the Petitioner of aggravated sexual battery and sentenced him to ten years.  The case arose after the six-year-old victim reported to his kindergarten teacher that the Petitioner, a family friend, had touched his genitals over his clothing.  The victim alleged that the Petitioner carried him into the Petitioner's bedroom, where the Petitioner showed him pornographic images on a cell phone and touched him inappropriately.  *See State v. Morgan*, No. W2021-01179-CCA-R3-CD, 2023 WL 166463, at *1 (Tenn. Crim. App. Jan. 12, 2023), *no perm. app. filed*.

Law enforcement officers searched the Petitioner's cell phone.  During the initial extraction, investigators identified a search history containing pornographic material.  Although the State presented no photographic evidence at trial, an officer testified about the search history on the phone, and the Petitioner said that he would not dispute the officer's testimony.  *Id.*

The Petitioner's defense included his mother's testimony disputing the credibility of the victim, as well as his testimony denying showing pornographic images to the victim. *Id.* at 2.  However, in finding the Petitioner guilty, the trial court noted that the pornographic search history was "significant corroboration" of other evidence, including the victim's testimony.  *Id.* at 3.  This court affirmed his conviction and sentence on direct appeal on January 12, 2023.

### B.    POST-CONVICTION PROCEEDINGS

Less than a month later, the Petitioner filed a timely petition for post-conviction relief, asserting that he was denied the effective assistance of counsel.  In relevant part, the Petitioner alleged that his trial counsel failed to investigate and interview various

witnesses.[1]  He also alleged that trial counsel failed to adequately communicate and review the pretrial discovery with him before trial.  These allegations were confirmed in an amended petition filed after the appointment of counsel.  The post-conviction court held a hearing on November 7, 2023, during which trial counsel and the Petitioner testified.

### 1.    Trial Counsel's Investigation

At the hearing, trial counsel acknowledged that he did not interview the State's witnesses, explaining that he understood that they would corroborate the victim's testimony.  He also confirmed that he did not obtain Department of Children's Services (DCS) records, saying that such records are typically confidential and difficult to access without specific information.  Trial counsel also admitted that he did not attempt to determine whether the alleged victim had made prior accusations against others, stating that he did not know how to obtain that information.

Regarding physical evidence, trial counsel confirmed that a law enforcement officer saw explicit material on the Petitioner's phone, but noted that no forensic documentation of the images was ever introduced.  He further admitted that he did not move to suppress the phone evidence because the Petitioner consented to the search.  Trial counsel stated that, although he objected to the evidence based on the best evidence rule, he did not raise a hearsay objection to the officer's testimony about the phone's contents.  He noted that although law enforcement later obtained a warrant to re-examine the phone, the phone had been reset, erasing any potential exculpatory evidence.  He stated that the Petitioner did not provide any records or evidence to contradict the officer's testimony about the phone's contents.

In his own testimony, the Petitioner claimed that trial counsel did not attempt to interview key witnesses, subpoena relevant phone records, or examine footage from police body cameras.  He also maintained that trial counsel failed to investigate whether the alleged victim had made prior accusations against others.

---

[1]    In his original and amended post-conviction petitions, the Petitioner raised several claims for relief, but he presents only two general issues on appeal.  As such, our opinion here focuses only on the issues raised for decision in this court.  *See State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) ("'[A]n appellate court's authority 'generally will extend only to those issues presented for review.'" (quoting Tenn. R. App. P. 13(b))).

## 2. Pretrial Communication and Preparation

With respect to his communications with the Petitioner, trial counsel testified that he met with the Petitioner at least twice at the jail and spoke with him on additional occasions during court appearances. He acknowledged that COVID-19 restrictions limited in-person meetings but stated that he communicated with the Petitioner through the Petitioner's mother.

Trial counsel said that he reviewed the law and discovery materials, including the victim's forensic interview. He stated that the case was primarily a credibility contest between the alleged victim and the Petitioner and that the State never made an offer to resolve the case. He said he called no defense witnesses except the Petitioner's mother. When asked whether he performed an adequate investigation, trial counsel replied that he was unsure what any additional investigation would have uncovered.

The Petitioner testified that trial counsel only met with him once at the jail and did not adequately discuss trial strategy. He stated that this was the only jail visit, and after this, trial counsel never contacted him again by phone, letter, or video conference.

The Petitioner further asserted that trial counsel did not fully explain the trial process, the advantages and disadvantages of a bench trial, or the potential consequences of his choices. He testified that trial counsel never showed him the actual documents or reviewed them in detail.

## C. DENIAL OF POST-CONVICTION RELIEF

After the hearing, the post-conviction court took the matter under advisement. On January 11, 2024, the court entered a detailed written order denying post-conviction relief. With respect to the Petitioner's claim that trial counsel failed to adequately communicate with him, the court found that it was unreasonable not to show the forensic interview to the Petitioner. However, the court also found that the Petitioner had failed to show prejudice, as the same testimony was presented in the preliminary hearing that the Petitioner attended. The court also found that the Petitioner failed to show prejudice from trial counsel's alleged failure to provide or review pretrial discovery with him.

As to the Petitioner's claim that trial counsel failed to obtain DCS records, the post-conviction court found that the Petitioner failed to show that the records existed or, if so, what information they would have contained. Similarly, the court also found the

Petitioner's claim about trial counsel's failure to investigate, interview, or present various witnesses to be speculative because the Petitioner failed to present those witnesses at the post-conviction hearing.

The Petitioner filed a timely notice of appeal on February 9, 2024.

## STANDARD OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the principal issue is whether the post-conviction court properly denied relief because the Petitioner failed to show that he received the ineffective assistance of counsel. As our supreme court has made clear,

> [a]ppellate review of an ineffective assistance of counsel claim is a mixed question of law and fact that this [c]ourt reviews de novo. Witness credibility, the weight and value of witness testimony, and the resolution of other factual issues brought about by the evidence are entitled to a presumption of correctness, which is overcome only when the preponderance of the evidence is otherwise. On the other hand, we accord no presumption of correctness to the post-conviction court's conclusions of law, which are subject to purely de novo review.

*Phillips v. State*, 647 S.W.3d 389, 400 (Tenn. 2022) (citations omitted).

## ANALYSIS

In this appeal, the Petitioner argues that the post-conviction court erred when it denied relief. More specifically, he argues that he was denied the effective assistance of counsel because his trial counsel failed to (1) conduct an adequate investigation; and (2) adequately communicate or review pretrial discovery materials with him. In response, the State argues that the Petitioner failed to show that trial counsel's performance was deficient or that any claimed deficiencies resulted in prejudice to the Petitioner. We agree with the State.

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right

guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2018). For evidence to be clear and convincing, "it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)).

As noted above, the Petitioner alleges in this appeal that he was denied the effective assistance of counsel during his trial. Article I, section 9 of the Tennessee Constitution establishes that every criminal defendant has "the right to be heard by himself and his counsel." Similarly, the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Indeed, "[t]hese constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014). Accordingly, a petitioner's claim that he or she has been deprived "of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016); *see also Howard v. State*, 604 S.W.3d 53, 57 (Tenn. 2020).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense." *Moore*, 485 S.W.3d at 418-19 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). A petitioner may establish that counsel's performance was deficient by showing that "counsel's representation fell below an objective standard of reasonableness." *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013) (quoting *Strickland*, 466 U.S. at 688). As our supreme court has also recognized, this court must look to "all the circumstances" to determine whether counsel's performance was reasonable and then objectively measure this performance "against the professional norms prevailing at the time of the representation." *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (quoting *Strickland*, 466 U.S. at 688).

"If the advice given or services rendered by counsel are 'within the range of competence demanded of attorneys in criminal cases,' counsel's performance is not deficient." *Phillips*, 647 S.W.3d at 407 (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Notably, because this inquiry is highly dependent on the facts of the individual case, "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

In addition, a petitioner must establish that he or she has been prejudiced by counsel's deficient performance such that the performance "render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Kendrick*, 454 S.W.3d at 458 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). In other words, a petitioner "must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 453 S.W.3d 386, 393-94 (Tenn. 2014) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Howard*, 604 S.W.3d at 58 (quoting *Strickland*, 466 U.S. at 694).

## A. TRIAL COUNSEL'S INVESTIGATION

The Petitioner first argues that trial counsel failed to conduct an adequate investigation. More specifically, he asserts that trial counsel failed to investigate facts bearing on the background and credibility of the State's witnesses and failed to call witnesses who could testify about the victim's reputation for truthfulness. He also asserts that trial counsel failed to obtain DCS records relating to the victim. The State responds that because the Petitioner failed to show what information additional investigation would have produced, he has failed to show any prejudice from the claimed deficiencies of trial counsel. We agree with the State.

As an initial matter, "[t]rial counsel has a duty to investigate and prepare a case, and this duty derives from counsel's basic function to make the adversarial testing process work in the particular case." *Nesbit*, 452 S.W.3d at 796 (citation and internal quotation marks omitted). As such, "[a]lthough trial counsel does not have an absolute duty to investigate particular facts or a certain line of defense, counsel has a duty to conduct a reasonable investigation or make a reasonable decision rendering a particular investigation unnecessary." *E.g.*, *Bohanna v. State*, No. W2019-01200-CCA-R3-PC, 2021 WL 1698524, at *21 (Tenn. Crim. App. Jan. 27, 2021) (citing *Strickland*, 466 U.S. at 691), *perm. app. denied* (Tenn. May 14, 2021).

That said, when a petitioner alleges that trial counsel failed to conduct an adequate investigation, "the petitioner is obligated to show what a reasonable investigation would have revealed." *Olive v. State*, No. M2023-00719-CCA-R3-PC, 2024 WL 2797015, at *8 (Tenn. Crim. App. May 31, 2024), *perm. app. denied* (Tenn. Oct. 24, 2024). Thus, in the context of a claim that trial counsel "failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the

evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *Taylor v. State*, 443 S.W.3d 80, 85 (Tenn. 2014) (citation and internal quotation marks omitted).

Likewise, when a petitioner claims that trial counsel failed to obtain various records, he or she must show (1) that the records existed and could have been obtained by trial counsel; (2) what information was contained in those records; and (3) how that information would have affected the outcome of the trial. *See Olive*, 2024 WL 2797015, at *8. These showings can typically be made only by introducing the contested records at the post-conviction hearing. *See id.* After all, without these records being introduced at the hearing, the post-conviction court can do nothing more than speculate about their contents or their effect on the verdict. *See Black*, 794 S.W.2d at 757-58.

In this case, the Petitioner asserts that trial counsel failed to investigate the background and credibility of the State's witnesses. However, he did not show what such an investigation would have revealed at the post-conviction hearing. In addition, although he faulted trial counsel for not calling witnesses to testify about the victim's credibility, he did not present any such witnesses at the post-conviction hearing. And, although he claims that counsel failed to obtain DCS records, the Petitioner failed to produce the documents at the hearing.

These omissions are significant. "Neither this court nor a post-conviction court may speculate about the substance of the records or the substance of any witness testimony which is not introduced at the evidentiary hearing." *Millan v. State*, No. E2021-00366-CCA-R3-PC, 2023 WL 1489780, at *33 (Tenn. Crim. App. Feb. 3, 2023), *no perm. app. filed*. As such, we conclude that the record supports the post-conviction court's finding that the Petitioner has failed to show how he suffered prejudice from the claimed deficiencies of trial counsel. *Black*, 794 S.W.2d at 757. The Petitioner is not entitled to relief on these grounds.

### B. TRIAL COUNSEL'S COMMUNICATIONS WITH THE PETITIONER

The Petitioner next argues that trial counsel failed to adequately communicate with him before trial. Although he observes that the post-conviction court found that trial counsel was deficient in failing to provide him with a copy of the victim's forensic examination, he further asserts that trial counsel met with him only once at the jail and infrequently at court hearings. He also contends that trial counsel failed to adequately review pretrial discovery with him. In response, the State maintains that the Petitioner has

failed to show how additional communication would have affected the outcome of the trial. We agree with the State.

When a post-conviction petitioner asserts that trial counsel did not adequately communicate, we have recognized that the number of meetings with trial counsel is not particularly relevant to the inquiry. *See Hall v. State*, No. M2021-01555-CCA-R3-PC, 2023 WL 2726780, at *7 (Tenn. Crim. App. Mar. 31, 2023), *no perm. app. filed*. Instead,

> an analysis of trial counsel's performance in consulting with a client is directed to how trial counsel was able to impart and receive important information—such as, among other things, the facts of the case, the application of the law, significant case developments, and the petitioner's objectives—so that counsel and the petitioner could make informed decisions about the case.

*Id.*

In this case, the record does not establish what effect additional meetings and discussions would have had on the case. For example, the Petitioner failed to show how additional communication with trial counsel would have affected their trial strategy. *See Bishop v. State*, No. W2017-00709-CCA-R3-PC, 2018 WL 2228195, at *6 (Tenn. Crim. App. May 15, 2018), *perm. app. denied* (Tenn. Sept. 17, 2018). He did not show that additional meetings would have resulted in counsel being better prepared for trial. *See Williams v. State*, No. M2007-02070-CCA-R3-PC, 2008 WL 5272556, at *5 (Tenn. Crim. App. Dec. 19, 2008), *perm. app. denied* (Tenn. Apr. 27, 2009). He also made no showing that, because of the lack of meetings or communications with trial counsel, he was "unable to make an informed decision" about how to proceed with the case. *McWilliams v. State*, No. E2017-00275-CCA-R3-PC, 2017 WL 5046354, at *4 (Tenn. Crim. App. Nov. 2, 2017), *no perm. app. filed*.

Ultimately, the Petitioner has not made any showing that "better communication with his trial counsel or better involvement of Petitioner in trial preparation could have altered the outcome of the case." *Tate v. State*, No. W2019-01380-CCA-R3-PC, 2020 WL 1972586, at *4 (Tenn. Crim. App. Apr. 24, 2020), *perm. app. denied* (Tenn. Sept. 21, 2020). Accordingly, we conclude that the record does not preponderate against the post-conviction court's finding that any claimed deficiency by trial counsel did not prejudice the Petitioner. The Petitioner is not entitled to relief on these grounds.

**CONCLUSION**

In summary, we hold that the post-conviction court properly found that the Petitioner was not denied the effective assistance of counsel during his trial. Accordingly, because the Petitioner's conviction or sentence is not void or voidable because of the violation of a constitutional right, we respectfully affirm the denial of post-conviction relief in all respects.

s/ *Tom Greenholtz*

TOM GREENHOLTZ, JUDGE