IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2024

## HAROLD THOMAS CENTERS, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Cumberland County**
**No. 22-293    Wesley Thomas Bray, Judge**

_____

### No. E2023-01716-CCA-R3-PC
_____

The Petitioner, Harold Thomas Centers, Jr., pled guilty to aggravated assault and received a sentence of six years. After that, he filed a petition for post-conviction relief, alleging that his trial counsel rendered ineffective assistance in failing to conduct an adequate investigation before the plea. The post-conviction court denied the petition by finding that trial counsel was not ineffective. On appeal, the Petitioner argues that the post-conviction court erred in dismissing his petition, asserting that he proved his allegations by clear and convincing evidence. Upon our review, we respectfully disagree and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and MATTHEW J. WILSON, JJ., joined.

Jeffrey A. Vires, Crossville, Tennessee, for the appellant, Harold Thomas Centers, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Philip A. Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On September 19, 2022, the Petitioner pled guilty by criminal information to the offense of aggravated assault. Pursuant to the plea agreement, the trial court imposed a sentence of six years as a Range II, multiple offender to be served without release

eligibility. According to the agreed factual basis announced at the plea hearing, the Petitioner threatened Mr. Matthew Johnson with a pocketknife three weeks earlier on August 30, 2022.

On May 5, 2023, the Petitioner filed a petition for post-conviction relief asserting that he was denied the effective assistance of counsel. More specifically, he alleged that his trial counsel failed to conduct an adequate investigation into his mental competence at the time of the offense and at the time of the plea. In an amended petition filed three months later, the Petitioner also raised stand-alone claims, including that his plea was involuntary due to his mental incompetency, that the State withheld favorable evidence, and that other evidence was obtained as part of an unlawful arrest. The Petitioner further argued that his trial counsel was ineffective in failing to investigate a possible motion to suppress evidence.

On November 14, 2023, the post-conviction court held an evidentiary hearing. At the beginning of the hearing, the Petitioner's counsel announced that he would be proceeding only on the claims alleging that counsel rendered ineffective assistance. The Petitioner did not testify at the hearing and offered only the testimony of trial counsel to support his petition.

Trial counsel testified that she had practiced law for thirty-four years. She confirmed that she represented the Petitioner in both the general sessions and criminal courts. Although she spoke with the victim in the case, she did not file any motions or request discovery in the general sessions court. Trial counsel also discussed with the Petitioner his criminal history, sentencing exposure, and his right to pretrial discovery after indictment. She also reviewed the proposed plea agreement and sentence with him.

Trial counsel testified that the Petitioner did not have a preliminary hearing and that the case was resolved by criminal information. She said the Petitioner agreed to a six-year sentence without release eligibility and thereby avoided a potential ten-year sentence. Trial counsel confirmed that she reviewed with the Petitioner all of the rights he would be waiving as a consequence of the plea.

Trial counsel stated that she did not observe any mental health issues with the Petitioner during her representation of him. She testified that the trial court reviewed possible mental health issues with the Petitioner as part of the plea colloquy, and the Petitioner denied having any mental health issues that would prevent him from entering the plea.

Following the hearing, the post-conviction court denied the petition, concluding that trial counsel did not render deficient performance. It also found that the circumstances and

2

timeframes under which the plea was negotiated were appropriate and that the plea was to the Petitioner's benefit. The Petitioner filed a timely notice of appeal on December 8, 2023.

## ANALYSIS

In this appeal, the Petitioner argues that the post-conviction court erred in dismissing his petition. More specifically, he asserts that he established his claims of ineffective assistance of counsel by clear and convincing evidence.[1] In response, the State contends that the Petitioner failed to show that trial counsel was deficient or that he would have rejected the plea and insisted on a trial but for trial counsel's deficiencies. We agree with the State.

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner has the burden of proving his or her allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). For evidence to be clear and convincing, "it must eliminate any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (citation and internal quotation marks omitted).

In this case, the Petitioner generally challenges the validity of his guilty plea. Our supreme court has recognized that "[t]he validity of a guilty plea is a mixed question of law and fact." *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). As such, our review of whether the Petitioner entered a valid guilty plea in this case is de novo, applying a presumption of correctness only to the post-conviction court's findings of fact. *Holland v. State*, 610 S.W.3d 450, 455 (Tenn. 2020).

When a defendant enters a guilty plea, he or she "waives several constitutional rights, including the privilege against self-incrimination, the right to a trial by jury, and the right to confront his accusers." *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003). To that end, "[i]n the landmark case of *Boykin v. Alabama,* 395 U.S. 238 (1969), the United States Supreme Court held that to satisfy the Due Process Clause of the United States Constitution, a guilty plea must be entered knowingly, voluntarily, and intelligently." *Garcia v. State*, 425 S.W.3d 248, 262 (Tenn. 2013). Thus, a claim challenging the

---

[1] The Petitioner does not raise issues related to his other claims brought in his amended petition for post-conviction relief. As such, we do not address these issues further except as they may be addressed through the lens of a claim asserting the ineffective assistance of counsel. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

constitutional validity of a guilty plea "falls squarely within the ambit of issues appropriately addressed in a post-conviction petition." *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000).

To determine whether a guilty plea was knowingly, voluntarily, and intelligently entered, a court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Jaco v. State*, 120 S.W.3d 828, 831 (Tenn. 2003) (citation and internal quotation marks omitted). A defendant cannot make this voluntary and intelligent choice if the decision "results from, among other things, ignorance or misunderstanding." *State v. Nagele*, 353 S.W.3d 112, 118 (Tenn. 2011). Therefore, before a trial court may accept a guilty plea, it must canvass "the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Garcia*, 425 S.W.3d at 262 (citation and internal quotation marks omitted).

In this case, the Petitioner asserts that he was denied the effective assistance of counsel before entering his plea. More specifically, he argues that trial counsel failed to investigate his competency at the time of the offense and the plea. He also argues that trial counsel was deficient in failing to investigate the underlying facts of the case or to investigate a possible motion to suppress.

Article I, section 9 of the Tennessee Constitution establishes that every criminal defendant has "the right to be heard by himself and his counsel." Similarly, the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." "These constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014).

In the context of a guilty plea, counsel's "effectiveness may implicate the requirement that a plea must be entered knowingly and voluntarily, *i.e.*, that the petitioner made the choice to plead guilty after being made aware of the significant consequences of such a plea." *Johnson v. State*, No. W2015-02498-CCA-R3-PC, 2017 WL 192710, at *4 (Tenn. Crim. App. Jan. 17, 2017), *no perm. app. filed*; *see State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). Stated another way, once a defendant enters a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense." *Moore v. State*, 485 S.W.3d 411, 418-19 (Tenn. 2016) (citing

*Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner may establish that counsel's performance was deficient by showing that "'counsel's representation fell below an objective standard of reasonableness.'" *Garcia*, 425 S.W.3d at 256 (quoting *Strickland*, 466 U.S. at 688).

To establish prejudice, a petitioner "must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 453 S.W.3d 386, 393-94 (Tenn. 2014) (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, the analysis of prejudice

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *see also Taylor v. State*, 443 S.W.3d 80, 84-85 (Tenn. 2014). Because a post-conviction petitioner bears the burden of establishing both deficient performance and resulting prejudice, "a court need not address both concepts if the petitioner fails to demonstrate either one of them." *Garcia*, 425 S.W.3d at 257.

In this case, the State argues that the Petitioner has failed to show any prejudice from the claimed deficiencies of trial counsel. The Petitioner's brief does not address the issue of prejudice and instead focuses on his perceived deficiencies by trial counsel. Without suggesting that trial counsel was deficient in any aspect of her representation, we agree with the State that the Petitioner has failed to show prejudice. We do so for two reasons.

First, the Petitioner did not testify at the post-conviction hearing. To be clear, a petitioner's testimony that he or she subjectively would have rejected a plea and insisted on a trial will rarely establish prejudice by itself, particularly if objective evidence is to the contrary. *See, e.g.*, *Hodges v. Colson*, 727 F.3d 517, 539 (6th Cir. 2013); *cf. Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("Moreover, to obtain relief on this type of claim [involving acceptance of a plea], a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."). But, we have recognized that if the petitioner does not testify at the post-conviction hearing, he or she may be unable to show that, but for counsel's deficiency, he or she would have rejected the plea and insisted on a trial. *See Avila-Salazar v. State*, No. M2020-01605-CCA-R3-PC, 2022 WL 1415709, at *6 (Tenn. Crim. App. May 4, 2022), *perm. app. denied* (Tenn. Oct. 19, 2022). The Petitioner has failed to provide any proof that he would have insisted on a trial but for trial counsel's alleged deficiencies.

5

Second, trial counsel was not asked any questions about this issue either. When a petitioner pleads guilty, but later alleges that his or her trial counsel did not make an adequate investigation, the United States Supreme Court has explained how prejudice may be shown:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial *will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea*. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill*, 474 U.S. at 59 (emphasis added).

In this case, trial counsel testified that she interviewed the victim and was familiar with the crime scene. The Petitioner did not ask whether she would have made a different recommendation to him had she developed information from further investigation. In fact, although the Petitioner now protests that he did not have a preliminary hearing or access to pretrial discovery, he has not shown what information or evidence would have been discovered with these investigative steps. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) ("When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing."); *Jackson v. State*, No. W2020-00387-CCA-R3-PC, 2021 WL 1733369, at *4 (Tenn. Crim. App. May 3, 2021) ("Although the petitioner argued that counsel should have investigated the case more, he did not present any evidence that trial counsel would have uncovered with more investigation."). Because the Petitioner has not shown how trial counsel's further investigation would have affected his decision to plead guilty, he cannot satisfy *Strickland*'s prejudice requirement. *See Scarborough v. State*, No. W2021-00402-CCA-R3-PC, 2022 WL 598766, at *5 (Tenn. Crim. App. Feb. 28, 2022), *perm. app. denied* (Tenn. June 9, 2022).

Ultimately, the Petitioner offered no proof at the post-conviction hearing that he would have rejected the plea and insisted on a trial had trial counsel conducted further investigation. He also provided no evidence that any such decision would have been objectively reasonable otherwise. Indeed, the record supports the post-conviction court's finding that the plea offer was favorable to the Petitioner, as it substantially reduced his sentencing exposure given his criminal history. In essence, the Petitioner invites us to speculate about what information would have been discovered and then to assess how it would have affected his guilty plea. We respectfully decline the invitation. *See Moutry v. State*, No. E2017-00353-CCA-R3-PC, 2018 WL 2465147, at *5 (Tenn. Crim. App. June 1,

6

2018), *perm. app. denied* (Tenn. Sept. 14, 2018) ("This court may not guess as to what evidence further investigation may have revealed."), *perm. app. denied* (Tenn. Sept. 14, 2018).

Apart from his claims of ineffective assistance of counsel, the Petitioner does not otherwise argue that his plea is constitutionally infirm. As such, we affirm the post-conviction court's denial of the Petitioner's claims for relief.

## CONCLUSION

In summary, we hold that the record supports the post-conviction court's finding that the Petitioner was not denied the effective assistance of counsel during his guilty plea. Accordingly, because the Petitioner's conviction is not void or voidable because of the violation of a constitutional right, we respectfully affirm the denial of post-conviction relief in all respects.

_____
TOM GREENHOLTZ, JUDGE