IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2024

**JUSTIN QUISTOPHER WEBB v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2021-CR-261  William R. Goodman, III, Judge**

_____

**No. M2024-00833-CCA-R3-PC**

_____

The Petitioner, Justin Quistopher Webb, pled guilty to attempted first degree murder and theft of property and received a sentence of twenty years. Thereafter, he filed a petition for post-conviction relief, alleging that his plea counsel rendered ineffective assistance in failing to advise him of the significant consequences of the plea. After a hearing, the post-conviction court denied the petition by finding that plea counsel was not ineffective. On appeal, the Petitioner argues that the post-conviction court erred in denying his petition, asserting that he proved his allegations by clear and convincing evidence. Upon our review, we respectfully disagree and affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and KYLE A. HIXSON, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Justin Quistopher Webb.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General, and J. Katie Neff, Assistant Attorney General; Robert J. Nash, District Attorney General; and Ann M. Kroeger, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTUAL BACKGROUND

## A.    THE ATTEMPTED MURDER OF MS. KING AND GUILTY PLEA

Sarah King represented the Petitioner in a conservatorship matter concerning his Social Security funds.  On May 14, 2021, the Petitioner and Ms. King appeared in Nashville, where a court dissolved the conservatorship.  As a result of this proceeding, a significant portion of the Petitioner's Social Security funds was returned to the Social Security Administration, leaving him with approximately $350.  The Petitioner became upset with Ms. King over this reduction in his account balance despite her lack of control over the allocation of these funds.

Three days after the dissolution of the conservatorship, on May 17, 2021, the Petitioner stole a car in Nashville and drove to Ms. King's residence in Robertson County.  Once there, he waited in the driveway for her to return.  When Ms. King arrived, the Petitioner approached her with a revolver and demanded the return of his money.  Ms. King attempted to evade the Petitioner by running around her vehicle.  She shielded herself behind the car as the Petitioner shot at her several times.

The confrontation was partially captured on Ms. King's dashcam, which recorded the Petitioner's actions.  As the incident continued, Ms. King's husband emerged from the house and fired shots into the air, prompting the Petitioner to stop his pursuit, drop his firearm, and lie on the ground.  Law enforcement officers soon arrived and took the Petitioner into custody.

On March 25, 2022, the Petitioner entered a guilty plea to attempted first degree murder and theft of property over $2,500, resulting in an effective twenty-year sentence to be served in confinement.  As part of the plea agreement, the State dismissed other charges.

The plea agreement included a waiver of certain appeal rights.  In the "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty," the Petitioner expressly acknowledged his right to an appeal but agreed to waive that right, except for the possibility of appealing any sentence imposed following an "open" plea.[1]  During the plea hearing, the Petitioner confirmed that he read the plea agreement, had an opportunity to

---

[1]    The plea agreement provided that "I fully understand my right to have my case reviewed by an Appellate Court, but hereby waive my right to a Motion for a New Trial and/or an Appeal other than an appeal of any sentence imposed following an 'open' plea of Guilty or No Contest."

review the agreement with plea counsel, and understood the terms. The trial court confirmed with the Petitioner that he understood the plea agreement's terms, including the waiver of appellate rights. When asked if he waived those rights, the Petitioner said, "Yeah."

The court further inquired whether the medications the Petitioner was taking affected his understanding of the agreement, to which the Petitioner replied, "No, I don't think so." The State's counsel also added that the Petitioner "was forensically evaluated and cleared. We had a forensic evaluation." The trial court then accepted the plea and sentenced the Petitioner to an effective sentence of twenty years to be served in the Tennessee Department of Correction.

### B. POST-CONVICTION PETITION AND HEARING

On January 5, 2023, the Petitioner filed a petition for post-conviction relief, asserting that he was denied the ineffective assistance of counsel during his plea. He alleged that his plea counsel failed to adequately explain the terms of the plea agreement, including the waiver of his appellate rights. The Petitioner claimed that he thought he would receive a probationary sentence rather than a term of incarceration. Finally, the Petitioner asserted that medication impaired his ability to comprehend the plea agreement fully.

On November 1, 2023, the post-conviction court held an evidentiary hearing during which the Petitioner was the sole witness. The Petitioner testified that plea counsel told him that the agreement was for a probationary sentence and that there was "no explanation as to me going to prison." He claimed that he was taking different medications while he was in pretrial confinement and had experienced blackouts. When the Petitioner was asked about his waiver of the right to appeal, he replied that he did not read the plea paperwork. He denied remembering that he signed the agreement but conceded that it appeared that he did so. The Petitioner also said he did not recall discussing his waiver of rights with the court.

During cross-examination, the Petitioner denied remembering that the trial court asked about the rights he was waiving as a result of the plea. The Petitioner admitted that he was evaluated for competency before the plea and was deemed competent to proceed.

### C. DENIAL OF POST-CONVICTION RELIEF

Following the hearing, the post-conviction court denied the Petitioner's claims for relief by way of an amended written order entered on June 3, 2023. The court reasoned

that the Petitioner failed to introduce sufficient proof to establish that plea counsel's representation was deficient or that "but for counsel's actions, the result of the proceedings would have been different." The Petitioner filed a notice of appeal on June 7, 2024.

## ANALYSIS

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner has the burden of proving his or her allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). For evidence to be clear and convincing, "it must eliminate any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (citation and internal quotation marks omitted).

In this case, the Petitioner generally challenges the validity of his guilty plea. Our supreme court has recognized that "[t]he validity of a guilty plea is a mixed question of law and fact." *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010). As such, our review of whether the Petitioner entered a valid guilty plea in this case is de novo, applying a presumption of correctness only to the post-conviction court's findings of fact. *Holland v. State*, 610 S.W.3d 450, 455 (Tenn. 2020).

### A.  QUESTION PRESENTED FOR REVIEW

As an initial matter, we must clarify the nature of the question presented for review. In the Petitioner's brief, his issue statement asserts only that his plea was invalid because he was denied the effective assistance of counsel.[2] The Petitioner's argument weaves into this issue other factors more typically considered in assessing the voluntariness of the plea apart from ineffective assistance. However, the Petitioner does not raise the voluntariness of his plea as a separate ground upon which post-conviction relief should have been granted.

In many cases, "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Justice v. Board of Prof'l Resp.*, 693 S.W.3d 225, 253 (Tenn. 2024) (citation and internal quotation marks omitted). "Indeed, so important is this requirement that our supreme court has emphasized

---

[2] The question presented is stated as follows: "The Trial Court erred in not setting aside the Appellant's guilty plea due to Ineffective Assistance of Counsel in violation of the VIth Amendment of the U.S. Constitution and/or Art. I § 9 of the Tennessee Constitution."

that declining to address questions not properly raised is a way that we achieve fairness and ensure the perceived integrity of the courts." *State v. Holmgren*, No. M2023-00795-CCA-R3-CD, 2024 WL 2891416, at *2 (Tenn. Crim. App. June 10, 2024) (cleaned up) (quoting *City of Memphis v. Edwards by & Through Edwards*, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023) (per curiam order)), *no perm. app. filed*; *Donovan v. Hastings*, 652 S.W.3d 1, 9 (Tenn. 2022) ("The requirement of a statement of the issues raised on appeal is no mere technicality[.]" (citation and internal quotation marks omitted)).

It appears that the Petitioner's challenge of the validity of his plea is limited to his claim that he was denied the effective assistance of counsel during the plea process. The State is apparently of the same mind, as it has limited its argument to this ground for relief. With this clarification, we address the Petitioner's issue on the merits.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

When a defendant enters a guilty plea, he or she "waives several constitutional rights, including the privilege against self-incrimination, the right to a trial by jury, and the right to confront his accusers." *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003). To that end, "[i]n the landmark case of *Boykin v. Alabama,* 395 U.S. 238 (1969), the United States Supreme Court held that to satisfy the Due Process Clause of the United States Constitution, a guilty plea must be entered knowingly, voluntarily, and intelligently." *Garcia v. State*, 425 S.W.3d 248, 262 (Tenn. 2013). Thus, a claim challenging the constitutional validity of a guilty plea "falls squarely within the ambit of issues appropriately addressed in a post-conviction petition." *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000).

In addition, article I, section 9 of the Tennessee Constitution establishes that every criminal defendant has "the right to be heard by himself and his counsel." Similarly, the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Indeed, "[t]hese constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014).

In the context of a guilty plea, counsel's "effectiveness may implicate the requirement that a plea must be entered knowingly and voluntarily, *i.e.*, that the petitioner made the choice to plead guilty after being made aware of the significant consequences of such a plea." *Johnson v. State*, No. W2015-02498-CCA-R3-PC, 2017 WL 192710, at *4 (Tenn. Crim. App. Jan. 17, 2017), *no perm. app. filed*; *see State v. Pettus*, 986 S.W.2d 540,

5

542 (Tenn. 1999). Stated another way, once a defendant enters a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense." *Moore v. State*, 485 S.W.3d 411, 418-19 (Tenn. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner may establish that counsel's performance was deficient by showing that "counsel's representation fell below an objective standard of reasonableness." *Garcia*, 425 S.W.3d at 256 (quoting *Strickland*, 466 U.S. at 688).

To establish prejudice, a petitioner "must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 453 S.W.3d 386, 393-94 (Tenn. 2014) (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, the analysis of prejudice

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *see also Taylor v. State*, 443 S.W.3d 80, 84-85 (Tenn. 2014). Because a post-conviction petitioner bears the burden of establishing both deficient performance and resulting prejudice, "a court need not address both concepts if the petitioner fails to demonstrate either one of them." *Garcia*, 425 S.W.3d at 257.

In this case, the post-conviction court found insufficient evidence to show that the Petitioner was denied the ineffective assistance of counsel. In reciting the facts, the court found that the Petitioner's testimony was contrary to his representations at the plea hearing, including that he received the written plea agreement, reviewed it with counsel, and understood the terms.

The record supports the post-conviction court's findings. At the post-conviction hearing, the Petitioner confirmed that his signature appeared on the plea paperwork and that the written agreement provided, "I hereby waive my right to a Motion for a New Trial and/or an Appeal," except as to the sentence imposed. As shown by the transcript of the original plea hearing, the Petitioner confirmed that he understood the terms of the plea, including that he would be waiving the right to appeal. He represented that his medication

6

did not affect his ability to understand the terms of his plea. Finally, the Petitioner confirmed that he reviewed his plea with counsel and was satisfied with plea counsel's representation.

Although the Petitioner testified at the post-conviction hearing that he did not read the plea agreement or discuss it with plea counsel, the post-conviction court implicitly discredited the Petitioner's testimony based on the conflicting representations under oath at the plea colloquy. This court has recognized that "[a] defendant's solemn declaration in open court that his plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations carry a strong presumption of verity." *See Mumphrey v. State*, No. W2021-01439-CCA-R3-PC, 2023 WL 2028767, at *7 (Tenn. Crim. App. Feb. 16, 2023) (citation and internal quotation marks omitted), *perm. app. denied* (Tenn. June 7, 2023); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As such, we conclude that the post-conviction court properly found that the Petitioner failed to show that his plea counsel rendered deficient performance.

Because the Petitioner has not shown deficient performance, we need not separately address whether he has suffered any prejudice. *See Garcia*, 425 S.W.3d at 257. We observe, however, that the Petitioner has not claimed that he would have rejected the plea and insisted on a trial had plea counsel explained the terms of the plea to him. *See Hill*, 474 U.S. at 59 (finding that the petitioner failed to establish prejudice because he did not show "that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial"); *Taylor*, 443 S.W.3d at 84-85. The Petitioner is not entitled to relief.

## CONCLUSION

In summary, we hold that the record supports the post-conviction court's finding that the Petitioner was not denied the effective assistance of counsel during his guilty plea. Accordingly, because the Petitioner's convictions are not void or voidable because of the violation of a constitutional right, we respectfully affirm the denial of post-conviction relief in all respects.

s/ *Tom Greenholtz*

TOM GREENHOLTZ, JUDGE